IN THE UNITED STATES COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT JACKSON, *et al.*,     )
                                 )
       Plaintiffs,         )
v.                           )     CASE NO. 3:10-cv-813-MEF
                                 )
LITTON LOAN SERVICING, LP,     )
                                 )
       Defendant.        )

## <u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on Plaintiffs Robert and Debra Jackson's (collectively "the Jacksons") Motion to Remand filed October 21, 2010. The Court has considered all arguments in support of and in opposition of the Motion to Remand. Contending that this Court has jurisdiction based on 28 U.S.C. § 1332(a), Litton Loan Servicing, LP ("Litton Loan") removed this case pursuant to 28 U.S.C. § 1441(a). (Doc. # 1). The Jacksons argue, among other things, that remand is necessary in this case because Litton Loan's notice of removal was filed more than one year after the commencement of the case in state court, and therefore that the notice of removal is untimely based on provisions of 28 U.S.C. § 1446. For the reasons set out herein, the Jacksons' Motion to Remand (Doc. # 10) is due to be GRANTED.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 15, 2009, the Jacksons filed suit against Litton Loan in the Circuit Court of Russell County, Alabama, case number 57-CV-200, alleging that Litton Loan

1

committed fraud and misrepresentation. (Doc. #1). The Jacksons's complaint seeks an unspecified amount of compensatory and punitive damages, court costs, and "such other and further relief" as determined by the jury. (Doc. # 1). Litton Loan filed a Notice of Removal on December 23, 2009 pursuant to 28 U.S.C. § 1441, contending that this Court had jurisdiction under 28 U.S.C. § 1332(a) based upon diversity of citizenship and an amount in controversy exceeding $75,000. (Case No. 3:09-cv-1165-MEF, Doc. # 1). In support of their contention, Litton Loan cited transcript from the December 3, 2009 deposition of Plaintiff Robert Jackson, Alabama state court verdicts exceeding $75,000 in similar cases, and the Jacksons's failure to stipulate about the damages sought. *Id.* The Jacksons filed a Motion to Remand the case on January 22, 2010. (Case No. 3:09-cv-1165-MEF, Doc. # 10). On August 10, 2010, this Court granted the Jacksons's first Motion to Remand, finding that Litton Loan had not carried its burden of establishing that the amount in controversy in this case exceeded the jurisdictional amount of $75,000. (Case No. 3:09-cv-1165-MEF, Doc. # 17). Regrettably, the Court encouraged Litton Loan to file a subsequent notice of removal if further facts regarding the amount in controversy could be presented, despite the fact that the order remanding the case was entered more than one year after the commencement of this action.[1] *Id.* Litton Loan has

---

[1] Litton Loan argues that this Court has "already acknowledged its authority to accept the instant removal petition and has recognized the equitable reasons for doing so." (Doc. # 13). While the Court did indicate a willingness to entertain a subsequent notice of removal, such a willingness does not amount to the authority to circumvent the plain language of the statute or the case law of this Circuit.

filed another Notice of Removal (Doc. # 1), and the Jacksons have again filed a Motion to Remand (Doc. # 11).  Upon further review by this Court, it is apparent that in the Eleventh Circuit there is no doctrine of equitable tolling that could circumvent the requirements 28 U.S.C. § 1446(b), and this motion is due to be DENIED.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently in excess of $75,000 exclusive of interest and costs, is met. *Id.*

When a case is originally filed in state court, a party may remove it to federal court if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).  If a case, as stated by

the initial pleading, is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant. . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b).  However, a case may not be removed on the basis of diversity jurisdiction "more than one year after commencement of the action."  *Id.* Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.  Accordingly, "§ 1446's time requirement is mandatory and must be strictly applied."  *Jones v. H&S Homes, L.L.C.*, No. 3:08-cv-57, 2008 WL 4600999, at *2 (M.D. Ala. October 15, 2008) (Fuller, C.J.).

District courts have recognized that there may be a doctrine of equitable tolling applicable to the removal statutes.  *See Cybernetics & Servs., Inc. v. Hitachi Data Sys. Corp.*, No. 3:09-cv-231-J-32HTS, 2009 WL 2151197, at *2 (M.D. Fla. July 16, 2009) ("The principles governing the fraudulent joinder doctrine provide some basis to conclude that a plaintiff's litigation posturing may in certain circumstances toll the removal statute's time limit."); *Bouza v. Ford Motor Co.*, No. 07-22728-CIV, 2007 WL 4232697, at *1 (S.D. Fla. November 28, 2007) (recognizing that when a nondiverse party is joined in a lawsuit to defeat diversity and then dismissed from the lawsuit after the one year limitation has expired, "equity might require that the § 1446(b) limit be extended").  However, other district courts, including this one, have reasoned that equitable tolling of

4

§ 1446's time bar is not permitted under any circumstances in the Eleventh Circuit. *Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1362 (N.D. Ala 1997) (holding that language in the United States Supreme Court case *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), the legislative history of amendments made to § 1446, and the Eleventh Circuit's language in *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) all indicate that "an attempt to gain access to the federal courts in a diversity action one year after the filing of a suit . . . is blocked"); *Jones*, 2008 WL 4600999, at *2; *Russaw v. Voyager Life Ins. Co.*, 921 F. Supp. 723, 724–25 (M.D. Ala. 1996) (Thompson, J.) (holding that, even in cases of fraudulent joinder, § 1446 does not provide for an exception to the one year limitation on removing diversity cases).

### III. DISCUSSION

This suit was commenced on July 15, 2009, the date on which the Jacksons filed their complaint in the Circuit Court of Russell County. (Doc. # 1). Litton Loan's second Notice of Removal was filed September 24, 2010, fourteen months after the suit was commenced. (Doc. # 1). As discussed above, § 1446(b) prohibits Litton Loan from removing this case more than one year after its commencement, as removal in this case would be premised on diversity jurisdiction. This Court has previously held that there are no equitable tolling doctrines applicable to the time bar set out in § 1446.[2] *Jones*, 2008

---

[2] While several cited cases indicate the existence of an equitable tolling doctrine applicable to the removal statutes, each of these apply to situations in which parties have tried to circumvent removal jurisdiction through fraudulent joinder. Fraudulent joinder is

WL 4600999, at *2; *Russaw*, 921 F. Supp. at 724–25. In keeping with its past decisions, this Court finds that there is no applicable tolling doctrine by which Litton Loan can escape the statute's one year limitation for removal of diversity cases.  Because Litton Loan's notice of removal is time barred, it is due to be DENIED.

For the foregoing reasons, it is hereby ORDERED that:

1.  The Jacksons's Motion to Remand (Doc. # 11) is GRANTED.

2.  This case is REMANDED to the Circuit Court of Russell County, Alabama.

3.  The Clerk is DIRECTED to take appropriate steps to effect the remand.

4.  All motions other than the Motion to Remand decided herein are left for resolution by the Circuit Court of Russell County.

Done this the 29th day of November, 2010.


_____
        /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE

---

not the issue here.  Therefore, even if such equitable tolling doctrines did exist in the Eleventh Circuit, they would not apply in this case.